## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                                  |   |                                       |
|----------------------------------|---|---------------------------------------|
| MICHAEL GAYDOS,                  | ) |                                       |
|                                  | ) | Civil Action No. 25-404               |
| Plaintiff,                       | ) |                                       |
|                                  | ) | District Judge Nora Barry Fischer     |
| v.                               | ) | Magistrate Judge Maureen P. Kelly     |
|                                  | ) |                                       |
| BANKERS FIDELITY LIFE INSURANCE  | ) | Re: ECF No. 6                         |
| COMPANY,                         | ) |                                       |
|                                  | ) |                                       |
| Defendant.                       | ) |                                       |
|                                  | ) |                                       |

### REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the following reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 6, filed by Defendant Bankers Fidelity Life Insurance Company ("Bankers Fidelity") be granted in part and denied in part as set forth herein.

### II.    REPORT

#### A.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Gaydos ("Gaydos") brings this civil rights action in connection with an insurance policy he purchased from Bankers Fidelity in 2023. The factual allegations set forth in this Report and Recommendation are taken from Gaydos' Complaint, ECF No. 1-2, as well as exhibits attached to the Complaint and any undisputedly authentic documents on which Gaydos' claims are based. See infra at 4.

In or around September of 2023, Gaydos purchased from Bankers Fidelity Supplemental Lump-Sum Cancer Benefit Insurance Policy No. 2230901734 ("Policy"), a special loss/cancer

policy that would pay Gaydos a lump sum payment should he be diagnosed with cancer pursuant to the terms of the Policy. ECF No. 1-2 ¶ 3; ECF No. 7-1 at 3. The Policy's effective date was September 20, 2023. ECF No. 1-2 ¶ 4; ECF No. 7-1 at 3. On October 27, 2023, Gaydos submitted a claim under the Policy indicating that he had just been diagnosed with cancer. ECF No. 1-2 ¶ 5.

In response, Bankers Fidelity sent a letter denying Gaydos' claim for coverage dated May 20, 2024 ("Denial Letter"). Id. ¶ 6; ECF No. 7-2. In the Denial Letter, Bankers Fidelity claimed that Gaydos' cancer was a pre-existing condition excluded under the language of the Policy. ECF No. 7-2. The Denial Letter further stated:

> Per the policy, pre-existing conditions are a medical condition, not identified on the application for this Certificate 1) for which symptoms existed that would cause an ordinarily prudent person to seek diagnosis, care or treatment within the twelve (12) month period preceding the Effective Date; or 2) whether diagnosed or not, for which You received medical advice, consultation, diagnostic testing or testing or treatment, or took or was prescribed drugs or medications with advice, consultation, diagnostic testing or treatment, or took or was prescribed drugs or medications within the twelve (12) months preceding the Effective Date.

Id. The letter indicated that because Gaydos' date of treatment occurred within 12 months of the Policy's effective date, his claim would be denied. Id. The Denial Letter did not specifically discuss any right of appeal but stated that "[a]ny additional information you may wish to submit will be considered." Id. See also ECF No. 1-2 ¶¶ 8-9.

The definition of pre-existing condition set forth in the Denial Letter differed from that contained in the Policy itself. The Policy defined pre-existing condition as "a sickness, injury or other condition for which, during the twelve (12) months period before the Effective Date medical advice or treatment was recommended by, or received from, a Physician." ECF No. 7-1 at 6. See also ECF No. 1-2 ¶¶ 7-10.

2

In response to the Denial Letter, Gaydos retained counsel, and on June 10, 2024, counsel submitted a letter to Bankers Fidelity disputing the denial of coverage ("Dispute Letter") and pointing out that the language regarding pre-existing conditions differed from the language in the Policy.  ECF No. 1-2 ¶ 12; ECF No. 7-3.  The Dispute Letter advised that if the full benefits were not paid within 10 days, Gaydos would file a lawsuit against Bankers Fidelity for breach of contract and bad faith.  ECF No. 7-3.

Bankers Fidelity subsequently sent a letter to Gaydos' attorney dated July 16, 2024 ("Approval Letter"), stating:

> Upon receiving your appeal, we conducted a thorough review of the claim initially declined due to a pre-existing condition.  Our review revealed that the claims examiner had incorrectly identified the pre-existing condition, leading to the erroneous denial of the claim.

ECF No. 7-4.  See also ECF No. 1-2 ¶ 13.  The Approval Letter further provided that Gaydos' claim was payable and that payment had been released.  ECF No. 7-4.

On October 25, 2024, Gaydos filed a Praecipe for Writ of Summons in the Court of Common Pleas for Allegheny County, and on November 5, 2024, served the Summons on Bankers Fidelity.  ECF No. 1-3, Ex. B.  On February 19, 2024, Gaydos filed a Complaint bringing claims under Pennsylvania law for bad faith, pursuant to 42 Pa. C.S. § 8371 (Count One); breach of contract (Count Two); and fraud (Count Three).  ECF No. 1-2.  On March 21, 2025, Bankers Fidelity removed the case to the United States District Court for the Western District of Pennsylvania.  ECF No. 1.

On April 10, 2025, Bankers Fidelity filed the pending Motion to Dismiss, ECF No. 6, and brief in support thereof, ECF No. 7, seeking dismissal of Counts Two and Three of the Complaint.  Gaydos filed his opposition to the Motion to Dismiss on April 21, 2025.  ECF Nos. 14 and 15.  Bankers Fidelity then filed a Reply, ECF No. 16, to which Gaydos responded, ECF No. 17.

The matter is fully briefed, and the Motion to Dismiss is ripe for consideration.

**B.    STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  The complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct …," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and "raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In assessing a plaintiff's claims, "the Court must accept all non-conclusory allegations in the complaint as true, and the non-moving party 'must be given the benefit of every favorable inference.'"  Mergl v. Wallace, No. 2:21-CV-1335, 2022 WL 4591394, at *3 (W.D. Pa. Sept. 30, 2022) (quoting Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) and Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992)).  "However, the Court 'disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.'"  Mergl, 2022 WL 4591394, at *3 (quoting City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878–79 (3d Cir. 2018) and James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012)).

As a general rule, courts consider only the pleadings themselves in evaluating a Rule 12(b)(6) motion.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  However, certain exceptions apply.  See id.  Courts may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).  See also Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Moreover, "documents whose contents are alleged in the complaint and

whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

Here, Gaydos cites to the Policy, Denial Letter, and Approval Letter in the Complaint and even purports to attach them as exhibits.[1]  While he does not expressly mention the Dispute Letter, he implicitly refers to it throughout the Complaint and no party seriously questions its authenticity. Documents such as these are routinely considered "integral" to a plaintiff's claims. Peltz v. State Farm Mut. Auto. Ins. Co., 538 F. Supp. 3d 498, 504 (W.D. Pa. 2021).  Accordingly, the Court will consider these documents in its analysis here.

## C.    DISCUSSION

### 1.    Breach of Contract (Count Two)

Bankers Fidelity first argues that Gaydos' claim for breach of contract should be dismissed with prejudice because he has not pled any breach or cognizable damages.  ECF No. 7 at 6.  Gaydos counters that Bankers Fidelity's "incorrect" and "fraudulent" denial of his claims under the Policy breached the contract between the parties and caused an improper delay in the payment of benefits. ECF No. 14 at 2-4.

Under Pennsylvania law,[2] insurance policies are subject to the general law of contracts. See Greenwood Racing Inc. v. Am. Guar. & Liab. Ins. Co., 569 F. Supp. 3d 243, 248 (E.D. Pa. 2021) (citing Kurach v. Truck Ins. Exch., 235 A.2d 1106, 1116 (Pa. Super. Ct. 2018)).  A claim

---

[1]       Whether through the process of the case being removed or otherwise, these documents are no longer attached to the Complaint.  Regardless, in any event, the authenticity of these documents is not disputed, and Gaydos' claims are clearly based upon these documents.

[2]       A federal court exercising diversity jurisdiction must "apply the substantive law of the state whose laws govern the action."  Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir.1990) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)).

for breach of contract, under Pennsylvania law, requires the plaintiff to establish: "(1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages." Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005). These same elements apply to insurance contracts. See Merrone v. Allstate Vehicle & Prop. Ins. Co., No. 3:18-CV-193, 2019 WL 5310576, at *7 (W.D. Pa. Oct. 21, 2019) (citing Oehlmann v. Metro. Life Ins. Co., 644 F. Supp. 2d 521, 532–33 (M.D. Pa. 2007)).

Here, there is no dispute that Gaydos has sufficiently pled the first element, as the Policy is clearly a contract. The issue is whether he has pled facts sufficient to satisfy the final two elements – breach of a contractual duty and damages. Bankers Fidelity argues that Gaydos has not established that it breached any provisions of the Policy nor that he suffered any damages related to its handling of his claim. It cites Stanford v. Nat'l Grange Ins. Co. for the proposition, "'[a]n action for breach of an insurance contract does not lie when the policy proceeds have been paid' because in such cases, an insured cannot establish damages under the contract." 64 F. Supp. 3d 649, 658 (E.D. Pa. 2014) (quoting Oehlmann, 644 F. Supp. 2d at 533). ECF No. 7 at 6-9. Gaydos counters that the improper delay in processing his claim breached the Policy's implied duty of good faith and fair dealing and that delayed access to the funds to which he was entitled during a time of personal crisis due to health concerns caused him harm. ECF No. 14 at 2-3.

The Court agrees with Bankers Fidelity that Gaydos has not pled facts that would establish the breach of any specific provision of the Policy. However, Gaydos is correct that "[i]n Pennsylvania, a duty of good faith and fair dealing is implicit in an insurance contract." Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404, 408 (W.D. Pa. 2011) (citing Condio v. Erie Ins. Exch., 899 A.2d 1136, 1144 (Pa. Super. Ct. 2006)). Therefore, Gaydos need not expressly cite contractual language that would establish a duty to process his claims within a specific

6

timeframe; the delay in payment and inclusion of extra-contractual language in the Denial Letter could suffice to plead a breach of Bankers Fidelity's implied duty of good faith.[3]

Moreover, the mere fact that Gaydos has already been paid the maximum benefit under the Policy does not necessarily invalidate a breach of contract claim premised on the implied duty of good faith and fair dealing. As courts have noted:

> Generally, when an insurance company has paid the proceeds of an insurance policy, there can be no breach of contract claim because the insured has received what she was due under the policy and therefore has no damages. When a party sues for damages stemming from an insurer's bad faith in handling a claim, however, the damages sought may be different from the damages compensated by payment pursuant to the insurance policy and therefore may not be remedied by such payment.

Smith v. Allstate Ins. Co., 904 F. Supp. 2d 515, 521 (W.D. Pa. 2012) (internal citations omitted). See also Birth Ctr. v. St. Paul Cos., 787 A.2d 376, 385 (Pa. 2001). Accordingly, "'where an insurer acts in bad faith, by unreasonably refusing to settle a claim, it breaches its contractual duty to act in good faith' and is liable for 'the known and/or foreseeable compensatory damages of its insured that reasonably flow from the insurer's bad faith conduct.'" Smith, 904 F. Supp. 2d at 521 (quoting Birth Ctr., 787 A.2d at 389). "A 'fixed, permanent refusal to pay the proceeds of a policy' is not required 'for a finding of breach of the insurer's duty of good faith; it is enough if the payment is delayed for an inordinate and unreasonable period of time.'" Golden v. Brethren Mut. Ins. Co., No. 3:18-CV-02425, 2019 WL 5450837, at *2 (M.D. Pa. Oct. 24, 2019) (quoting Bodnar v.

---

[3]    As noted, Gaydos also brings a statutory bad faith claim in Count One of the Complaint. Nonetheless, "Pennsylvania courts have acknowledged that there are distinct causes of action for both breach of good faith and statutory bad faith." Mirarchi v. Seneca Specialty Ins. Co., No. Civ. 10-3617, 2013 WL 1187065, at *11 (E.D. Pa. Mar. 22, 2013), aff'd, 564 F. App'x 652 (3d Cir. 2014) (citing Ash v. Continental Ins. Co., 932 A.2d 877, 884 (Pa. 2007)). Therefore, a claim that Bankers Fidelity breached its duty of good faith is not subsumed by the bad faith claim at Count One.

<u>Nationwide Mut. Ins. Co.</u>, No. 3:12-CV-1337, 2013 WL 2147807, at *15 (M.D. Pa. May 16, 2013)).

The question remains as to whether the language in Gaydos' Complaint adequately pleads such a cause of action. In Count Two, he alleges that "[b]y failing to properly and appropriately adjust the claim submitted under the subject policy, the Defendant was in breach of their [sic] contractual obligation," and that "[t]he Defendant's actions caused significant delay in Plaintiff's receipt of the benefits he was entitled to under the policy." ECF No. 1-2 ¶¶ 21, 22. He argues that, as a result, he "lost the value of the funds that he was entitled to." <u>Id</u> ¶ 23. In his opposition to the Motion to Dismiss, Gaydos argues that this improper delay breached the Policy's implied duty of good faith and fair dealing and that he was therefore delayed access to the funds to which he was entitled during a time of personal crisis. ECF No. 14 at 2-3.

Courts have generally found that "a long period of time between demand and settlement does not, on its own, necessarily constitute bad faith." <u>Williams v. State Farm</u>, No. 5:21-CV-00058, 2021 WL 2661615, at *5 (E.D. Pa. June 29, 2021) (collecting cases). <u>See also Pipik v. State Farm Mut. Auto. Ins. Co.</u>, No. 2:25-CV-00119-MJH, 2025 WL 692118, at *3 (W.D. Pa. Mar. 4, 2025). However, a delay "if of inordinate and unreasonable length, effectively becomes a denial of the claim as assuredly as if the denial was swiftly and unequivocally communicated to the insured." <u>Bodnar</u>, 2013 WL 2147807, at *15.

The delay alleged here, at best, amounts to a little more than eight months. However, while it is questionable whether such a delay would itself be sufficient to raise a claim for breach of the duty of good faith, in any event, Gaydos does not rely solely on this delay. He also alleges that Bankers Fidelity included language regarding pre-existing conditions that differed from the language in the Policy in its Denial Letter. ECF No. 1-2 ¶¶ 8-10. He contends that this was done

"to dissuade [him] from pursuing the claim," and that, as a result, he was forced to retain counsel. Id. ¶¶ 11-12. Therefore, it is not merely the delay, but what Gaydos characterizes as Bankers Fidelity's purposeful use of deceptive language that forms the basis for his claim that Bankers Fidelity breached its duty of good faith and fair dealing.

The Court finds that this language is sufficient to constitute the "short and plain statement of the claim showing that the pleader is entitled to relief" required under Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8(a)(2). Therefore, it recommends that the Motion to Dismiss be denied as to Count Two.

### 2.    Fraud (Count Three)

Bankers Fidelity also asserts that Gaydos' fraud claim set forth at Count Three of the Complaint should be dismissed for failure to state a claim. It argues that, even assuming Gaydos has adequately pled that Bankers Fidelity made a materially false representation with the intent to mislead him, he did not – and cannot – plead that he justifiably relied on any such representation. ECF No. 7 at 10-11. Gaydos contends that he was justified in relying on the allegedly false language in the Denial Letter. The Court agrees with Bankers Fidelity.

To establish a claim for fraud under Pennsylvania law, a plaintiff must allege six elements:

(1) a representation;

(2) which is material to the transaction at hand;

(3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(4) with the intent of misleading another into relying on it;

(5) justifiable reliance on the misrepresentation; and

(6) the resulting injury was proximately caused by the reliance.

Gruenwald v. Advanced Comput. Applications, Inc., 730 A.2d 1004, 1014 (Pa. Super. Ct. 1999) (quoting Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994)).  As noted above, Bankers Fidelity challenges Gaydos' ability to establish the fifth element – that he justifiably relied on any alleged misrepresentation.

As Bankers Fidelity points out, to establish fraud it is not sufficient to demonstrate that a defendant attempted to fraudulently mislead another; rather, the plaintiff must have actually relied on the misrepresentation.  See Hvizdak v. Linn, 190 A.3d 1213, 1230 n.4 (Pa. Super. Ct. 2018).  Bankers Fidelity further asserts that the language in the Complaint specifically shows that Gaydos did **not** rely on any misrepresentation contained in the Denial Letter; he immediately disagreed and sought to challenge the decision to deny his claim.  While Gaydos claims he would have been "justified" in relying on the language in the Denial Letter, the fact remains that he did not actually do so.

Gaydos did retain counsel after receiving the Denial Letter, ECF No. 1-2 ¶ 12, but he did so not in reliance on what the Denial Letter said, but in response to the denial of his claim, as he believed it to be incorrect.  This is confirmed by the fact that, through counsel, he challenged the denial via the Dispute Letter on June 10, 2024, just a few weeks after he received the Denial Letter.  It is not enough "to merely assert that a statement is 'fraudulent' and that reliance on the statement induced some action on the party's behalf, nor is it enough to aver that a knowingly false statement was made for the purpose of misleading another into reliance upon it."  Gordon v. McManus, No. 972-EDA-2013, 2014 WL 10917627, at *7 (Pa. Super. Ct. June 30, 2014) (citing Blumenstock v. Gibson, 811 A.2d 1029, 1038 (Pa. Super. Ct. 2002)).  Gaydos certainly reacted to the language in the Denial Letter, but at no point does he allege to have relied upon it.

Courts considering similar situations have found the same.  In Norco v. Allstate Ins. Co., the court recommended dismissal of the plaintiffs' fraud claim with prejudice because the plaintiffs

failed to set forth sufficient factual allegations to establish justifiable reliance on allegedly fraudulent statements, noting that the plaintiffs' actions of retaining counsel, rejecting a proposed settlement of their claim, and taking legal action against the defendants showed that they did not rely on any misleading statements. See No. 2:11-CV-1453, 2012 WL 12887729, at *12 (W.D. Pa. July 17, 2012), report and recommendation adopted, No. 2:11-CV-1453, 2012 WL 12887892 (W.D. Pa. Sept. 10, 2012).

Similarly, in Bussie v. Am. Sec. Ins. Co., the court found that the plaintiff failed to state a claim of fraud upon which relief could be granted because she failed to set forth "any plausible allegation of Plaintiff's justifiable reliance on [the defendants'] alleged misrepresentation." No. CV 20-3519, 2021 WL 2206282, at *8 (E.D. Pa. June 1, 2021). In so holding, the court found that even endorsing a claims check from the defendants was insufficient to establish actual reliance because the allegations in the complaint demonstrated that the plaintiff had consistently maintained that the defendants' valuation of her claim was wrong and that her endorsement of the check did not change this belief. See id.

As in those cases, at best, Gaydos alleges that Bankers Fidelity attempted to mislead him. His own allegations make it clear that he was not actually misled because he did not rely on the allegedly false definition of prior existing condition in the Denial Letter. Accordingly, he cannot establish the fifth element of a claim for fraud under Pennsylvania law. The Court therefore recommends that the Motion to Dismiss be granted as to Count Three.

**D.    Amendment**

If a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. See Grayson v. Mayview St. Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Budhun v. Reading Hosp. and Med. Cntr.,

765 F.3d 245, 259 (3d Cir. 2014).  "Amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim."  Budhun, 765 F.3d at 259.

As to his fraud claim, as the Court has explained, Gaydos does not simply fail to plead sufficient facts to show reliance on any fraudulent statements, his representations make it clear that he did not so rely.  As such, amendment would be futile.

### E.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 6, be granted in part and denied in part as follows:

- DENIED as to Gaydos' breach of contract claim at Count Two.
- GRANTED as to Gaydos' fraud claim at Count Three.  This claim should be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: November 4, 2025

cc:    All counsel of record by Notice of Electronic Filing